IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JONATHON SCOTT BOURNE,

  Plaintiff,

v.             Civil Action No. 5:15CV67
                   (STAMP)
PAT MIRANDY, Warden,
St. Marys Corr. Ctr.,
JOYCE BILLS, IPO at
St. Marys Corr. Ctr. and
DANIEL KIMBLE, Unit Manager,

  Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The pro se[1] plaintiff, a state inmate, instituted this civil action pursuant to 42 U.S.C. § 1983 ("§ 1983"). ECF No. 1. In his complaint, the plaintiff takes issue with the denial of his parole. He blames the defendants for that denial. In particular, he believes that the defendants failed to properly prepare the necessary paperwork and conduct similar duties in order to timely present his application. That lack of preparation and compliance resulted in the postponement of his November 2014 parole hearing, and ultimately, the denial of parole at his February 2015 hearing. Therefore, the plaintiff claims that he experienced a denial of his

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

liberty interest, a substantive due process violation, and a lengthening of his sentence. Moreover, he contends that he has exhausted his administrative remedies, and seeks the following relief: injunctive relief, immediate parole, punitive damages amounting to $200,000.00, and compensatory damages amounting to $500,000.00.

The defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment. ECF No. 33. In their motion, the defendants argue that the plaintiff failed to sufficiently state his claim, and that he failed to exhaust his administrative remedies. The plaintiff was then notified that failure to file a response to the defendants' motion may result in an entry of an order of dismissal against him, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). ECF No. 20; see Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979). The plaintiff responded, wherein he reiterated his prior arguments. ECF No. 25. The defendants also filed a reply, arguing that the plaintiff's application of parole was denied for reasons unrelated to his allegations. ECF No. 27. The plaintiff then filed a sur-reply, in violation of Local Rule of Prisoner Litigation Procedure 11.4. ECF No. 28. In response, the defendants filed a motion to strike the plaintiff's sur-reply. ECF No. 31.

United States Magistrate Judge James E. Seibert then entered a report and recommendation. ECF No. 33. In that report and

2

recommendation, the magistrate judge recommends that the plaintiff's complaint be dismissed with prejudice, and that the defendants' motions be granted for two reasons. First, the magistrate judge points out that the plaintiff failed to exhaust his administrative remedies as to his claims that arose after December 2014. Second, the magistrate judge found that the plaintiff offered insufficient evidence to state a claim upon which relief could be granted as to all defendants. Therefore, the magistrate judge recommended that the complaint be dismissed with prejudice and that the defendants' motions be granted. The plaintiff did not file objections to the report and recommendation of the magistrate judge.

For the reasons set forth below, the report and recommendation of the magistrate judge (ECF No. 33) is AFFIRMED AND ADOPTED. Therefore, the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE, and the defendants' motions (ECF Nos. 18 and 31) are GRANTED.

II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is

'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

III. Discussion

After reviewing the parties' filings and the record, this Court is not "left with the definite and firm conviction that a mistake has been committed" by the magistrate judge. 333 U.S. at 395. Therefore, the report and recommendation of the magistrate judge is affirmed and adopted. Nonetheless, the findings of the magistrate judge are more thoroughly assessed below under a clearly erroneous standard of review.

A. Exhaustion of Administrative Remedies

A prisoner that sues "with respect to prison conditions," or "any" federal law must first exhaust all available administrative remedies, as required under the Prisoner Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). Generally speaking, "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford v. Ngo, 548 U.S. 81, 85 (2006); see Porter v. Nussle, 534 U.S. 516, 524 (2002). Regarding that exhaustion, it must be properly exhausted. Woodford, 548 U.S. at 93-94 (2006). Exceptions to the exhaustion requirement apply "only in extraordinary circumstances." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (internal citations omitted).

The plaintiff attached a copy of a grievance filed in December 2014. That grievance pertained to the postponement of the plaintiff's parole hearing in November 2014. In the complaint, however, the plaintiff also asserts claims as to the denial of parole in February 2015. The record shows that the only grievance filed by the plaintiff was the December 2014 grievance. That means that the plaintiff has not exhausted his administrative remedies as to any claims occurring after December 3, 2014. Moreover, the plaintiff has not demonstrated why the exhaustion requirement should be waived in this case. Therefore, the finding of the magistrate judge as to the exhaustion requirement is not clearly erroneous.

B. Remaining Due Process Claims Against the Defendants

As stated earlier, the plaintiff filed his claim pursuant to § 1983. Section 1983 states the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, a § 1983 claim has two elements. First, the plaintiff must demonstrate that he or she was deprived of a right "secured by the

5

Constitution and the laws" of the United States. Luga v. Edmonson Oil Co., Inc., 457 U.S. 922, 930 (1982) (internal citations omitted). Second, the plaintiff must show that the individual who deprived him or her of such rights acted under color of state law. Id.; see Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Further, the proper defendants in a § 1983 claim are "the persons whose wrongful acts harmed the plaintiff." Moore v. Pemberton, 110 F.3d 22, 23-24 (7th Cir. 1997). The key aspect of the above sentence is that the defendant must be a "person" for purposes of a § 1983 claim. Accordingly, defendants that are not "persons" under § 1983 are unable to be sued under such an action. Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (per curiam) ("Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983."); see Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989) (finding that "persons" under § 1983 does not include states or their officials).

The plaintiff argues that he suffered a violation of his due process rights. In particular, the plaintiff points to the postponement of his parole hearing in November 2014, which allegedly resulted from the defendants' lack of preparation. He repeatedly points to the failure to obtain a timely psychiatric evaluation. That postponement and ultimate denial of his parole has denied him of his liberty interest and wrongfully extended the length of his sentence. As to each individual defendant, the

plaintiff asserts the following: (1) that defendant Pat Mirandy ("Mirandy"), as a supervisor, failed to properly train the defendants to prepare the materials for parole review; (2) that defendant Joyce Bills ("Bills"), as the Institutional Parole Officer, failed to timely provide a psychological evaluation of the plaintiff for his parole file; and (3) that defendant Daniel Kimble ("Kimble"), as the plaintiff's Unit Manager, failed to correct defendant Bills mistakes. Those acts by the defendants allegedly violated the plaintiff's constitutional rights.

It is true that West Virginia law provides that "[o]ne convicted of a crime and sentenced to the penitentiary is never entitled to parole, [but] [h]e is eligible to be considered for parole." State v. Lindsey, 233 S.E.2d 734, 738-39 (W. Va. 1977) (internal citations omitted). Indeed, West Virginia Code § 62-12-13 sets forth criteria used when determining an inmate's eligibility for parole. Therefore, because West Virginia Code § 62-12-13 "plac[es] substantive limitations on official discretion," it has created a liberty interest in being considered for parole when an inmate has become eligible. Olim v. Wakinekona, 461 U.S. 238, 249 (1983). Thus, assuming the plaintiff was eligible for parole, a liberty interest existed. The issue then becomes whether the defendants violated that liberty interest or right.

7

The record shows that the plaintiff's claims lack merit, and that the findings of the magistrate judge are not clearly erroneous. The plaintiff offers no evidence in support of his claims against each defendant. Defendant Mirandy as a supervisor is liable under § 1983 if the plaintiff "not only [] demonstrate[s] that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but [] must also show that the supervisor's corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). Here, the plaintiff has demonstrated neither a risk of harm nor a tacit authorization. In fact, the record shows that defendant Mirandy became involved in the plaintiff's parole situation after the November 2014 parole hearing was postponed. As the magistrate judge correctly points out, the plaintiff has not met his burden as to defendant Mirandy.

The same can be concluded as to defendant Bills. The psychiatric evaluation that the plaintiff sought is not conducted by prison employees, such as the defendants. Rather, the record shows that a third-party provider conducts the psychological evaluation. Defendant Bills attempted numerous times, as evidenced by her emails and the record, to schedule a psychiatric evaluation for the plaintiff. However, the third-party provider faced staff shortages that delayed the plaintiff's evaluation. That delay ultimately resulted in the postponement of the November 2014 parole

8

hearing. The point is that the plaintiff offers insufficient proof that defendant Bills violated his constitutional rights. It was not defendant Bills fault that the psychiatric evaluation was delayed or that the November 2014 parole hearing had to be postponed. Therefore, the plaintiff fails to state a claim upon which relief may be granted, and thus, defendant Bills must be dismissed.

The plaintiff's claim against defendant Kimble is equally lacking in merit. The record shows that defendant Kimble has no oversight powers as to defendant Bills. Further, he was not involved in scheduling the psychiatric evaluations for prisoners, and he only became aware of the issue by the plaintiff's grievance from December 2014. As to handling the plaintiff's grievance, defendant Kimble contacted defendant Bills about the psychiatric evaluation. Because defendant Bills indicated that she had already rescheduled the psychiatric evaluation, defendant Kimble found that the issue was being addressed. After finding that the issues in the grievance were addressed, the record shows that defendant Kimble had no further role in the plaintiff's case. The plaintiff has not provided proof, if any, that defendant Kimble violated his constitutional rights. Furthermore, the findings of the magistrate are not clearly erroneous. Therefore, for the reasons set forth above, the report and recommendation is AFFIRMED AND ADOPTED in its entirety.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED. Accordingly, the defendants' motion to dismiss, or in the alternative, for summary judgment (ECF No. 18) and motion to strike plaintiff's second response (ECF No. 31) are GRANTED. The plaintiff's complaint is hereby DISMISSED WITH PREJUDICE. Further, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      December 30, 2015

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE